UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 12-8967 DSF (AJWx) | Date | 4/8/13 |
|---|---|---|---|
| Title | Medhi Haghighi, et al. v. JPMorgan Chase Bank, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Motion for Summary Judgment (Dkt. No. 16)[1]

     This case involves a dispute about the manner in which Defendant JPMorgan Chase Bank applied, or failed to apply, certain payments on Plaintiffs' mortgage note and Defendant's subsequent actions regarding Plaintiffs' credit history. In 2009, Plaintiffs allowed their homeowners' insurance policy to lapse. In response, as allowed under the deed of trust, Defendant purchased a policy to cover the house that secured the note. It is undisputed that as of July 2009 Plaintiffs owed Defendant $2,301 for the insurance policy that Defendant acquired. This was presented to Plaintiffs as an amount due to an escrow account. In September 2009, Defendant informed Plaintiffs that if payment was not made immediately, an amount of $191.75 would be added to their next 12 monthly mortgage payments. In December 2009 and January 2010, Plaintiffs proceeded to pay their normal payment on the note, omitting the additional $191.75. Defendant did not credit any amount of the payments to the note and instead made reports on Plaintiffs' credit history that no payments had been made. Plaintiffs have now sued for violation of the federal Fair Debt Collection Practices Act, California Civil

Code § 1785.25(a), and

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 15, 2013 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

for breach of contract.[2]  Defendant moves for summary judgment on the basis that its credit reporting was accurate and no claim can be maintained.

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

There are no substantial disputes of fact relevant to the motion.  However, the parties dispute the legal ramifications of those facts.  Defendant's motion on all causes of action is premised on the same thing – that Defendant provided accurate and complete credit reporting.  In response, Plaintiffs deny that Defendant could unilaterally add the amount due from the insurance policy escrow to the note.  Indeed, Defendant has provided no justification in the loan documents for adding such amounts to the amount due under the note.  A review of the note and deed of trust reveals no obvious mechanism for rolling money due under section 5 of the deed of trust into the amount due on the note.  Section 5 of the deed of trust states that, "Any amounts disbursed by Lender under Section 5 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment."  That the insurance amounts "become additional debt" is ambiguous as to whether the additional debt is separate from the original note or rolled into the amount due on the original note.  Neither reading is implausible.  Defendant has made no attempt to support its implicit interpretation that the insurance debt becomes part of the original note.  It simply assumes that it had the right to add the insurance amounts to the original note.  Therefore, Defendant has not established that it was accurate for it to report that Plaintiffs were overdue on the note when they had paid the amount required by the note in full, but had not paid the amount due on the insurance escrow.  Further, even if the insurance payment could be added to the note, Defendant has not established that its reporting was accurate and complete when it reported that Plaintiffs had made no payments on the note for December 2009 and January 2010 when, in fact, Plaintiffs had

---

[2] The amended complaint also states a claim for violation of California Civil Code § 1785.31, but that statute provides for private enforcement of § 1785.25(a) – among other things – and does not create any further substantive rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

paid virtually the entire amount that Defendant claimed was owed.[3]

The motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

[3] Defendant submits Plaintiffs' Experian credit report, (Glavinovich Decl., Ex. 4), with no explanation. It is not completely clear from the report exactly what was reported to Experian.