DENNIS PALMIERI
Counselor and Attorney - CSB 103346
28990 pacific Coast Highway, Suite 110
Malibu, CA, 90265
Ph: (310) 457-7000
Fx: (310) 457-7600
callondennis@verizon.net

NEIL EVANS - CSB 105669
Law Office of Neil Evans
2625 Townsgate Road, Suite 330
Westlake Village, CA, 91361
Ph: (818) 802-8333; Fx: (805) 241-4618
evanstnt@aol.com

Attorneys For Plaintiffs
MEHDI HAGHIGHI and JANA LEE HAGHIGHI

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI HAGHIGHI, an Individual, JANA LEE HAGHIGHI, an individual<br><br>        Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a Corporation, and DOES 1-50, inclusive<br><br>        Defendants | Case No. CV 12-08967- DSF- AJW<br><br>AMENDMENT AND SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO THE NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>DATE : September 8, 2014<br>TIME : 1:30 p.m.<br>CTRM: 840<br><br>Action Filed      : August 19, 2010<br>Action Removed : October 17, 2012 |

COMES NOW MEHDI HAGHIGHI and JANA LEE HAGHIGHI ("Plaintiffs") and files an Amendment and Supplement to their Opposition to the Notice of Motion and Motion for Summary Judgment, Or In the Alternative, for Partial Summary Judgment on Plaintiff's First Amended Complaint ("FAC") filed by Defendant JPMorgan Chase Bank, NA ("Chase").

-1-

Amendment and Supplement to the Plaintiff's Opposition to the Notice of Motion and Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment on Plaintiff's First Amended Complaint

1. The Court's April 16, 2014 Order stated in part:

"This order does not resolve the issue of whether Defendant could legally fail to apply partial payments to the loan and then report a completely missed payment to the credit reporting services. See 12 C.F.R. § 1026.36(c)(1)(I).1 This provision was added to Regulation Z in 2008 and would possibly have been in effect at the time of the events at issue. See 73 Fed. Reg. 44604 (July 30, 2008)."

2. In Plaintiff's Opposition Memorandum, Counsel argued that the Federal Reserve Board ("Board") in 73 Fed. Reg. 44604 (July 30, 2008) *"adopted"* 12 CFR 226.36(c)(1)(I) on October 1, 2009. The term *"adopted"* may cause confusion and the term *"effective"* is the operative meaning of *"adopted."* In 73 Fed. Reg. @ pages 44522-44523, the Board actually made the new 12 CFR 226.36(c)(1)(I), *"effective"* on October 1, 2009, and on page 44522, the Board stated the following in its Summary:

"The Board is publishing final rules amending Regulation Z, which implements the Truth in Lending Act and Home Ownership and Equity Protection Act. The goals of the amendments are to protect consumers in the mortgage market from unfair, abusive, or deceptive lending and servicing practices while preserving responsible lending and sustainable home ownership.

"The revisions apply two new protections to mortgage loans secured by a consumer's principal dwelling regardless of loan price, including a prohibition on abusive servicing practices."

4. At page 44523, the Board identified one of the new protections:

"cir] Prohibit mortgage servicers from "pyramiding" late fees, **failing to credit payments as of the date of receipt,** or failing to provide loan payoff statements upon request within a reasonable time.

"Prospective Application of Final Rule -
The final rule is **effective** on October 1, 2009"

5. The Board also stated @ page 44523 that, "Compliance with the rules is not required before the effective dates." Nevertheless, the Board also stated, " ... [t]he implementation period preceding the effective date set forth in the final rule is integral to the Board's decision to restrict or prohibit certain acts or practices."

Amendment and Supplement to the Plaintiff's Opposition to the Notice of Motion and Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment on Plaintiff's First Amended Complaint

6. Between August 30, 2009 and October 1, 2009, the industry, and Chase, had time to adjust to the new regulations to become effective in 14 months, and had the new 12 CFR 226.36 standards prior to October 1, 2009 in which to conform their actions. Thus by October 1, 2009, Chase could not legally fail to apply the December, 2009, and January and February, 2010 payments, or at least by January 1, 2010.

7. When the Bureau of Consumer Financial Protection (Bureau) amended Regulation Z adding 12 CFR 1026, it substantively duplicated the Board's Regulation Z, and only made certain non-substantive, style changes on December 22, 2011 at 76 Fed. Reg. 79768-01. Thus the Bureau's 12 CFR 1026.36(c)(1)(I) would relate back to the ***"effective"*** date of the identical reference in the Board's 12 CFR 226.36(c)(1)(I) on October 1, 2009. The change in the number did not change the substance of the prohibitions against unfair, abusive, or deceptive lending and servicing practices to be ***"effective"*** on October 1, 2009.

8. Counsel regrets the confusion and respectfully requests that the Court accept this Amendment and Supplement as part of the Plaintiffs' Opposition Memorandum.

Dated: August 19, 2014                            Respectfully submitted

/s/ Dennis Palmieri

DENNIS PALMIERI
Counselor and Attorney
NEIL EVANS, ESQ.
Attorney for Plaintiffs
MEHDI HAGHIGHI and
JANA LEE HAGHIGHI

Amendment and Supplement to the Plaintiff's Opposition to the Notice of Motion and Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment on Plaintiff's First Amended Complaint