1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@alvaradosmith.com
2  MIKEL A. GLAVINOVICH (CA Bar No. 186590)
   mglavinovich@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel: (213) 229-2400
   Fax: (213) 229-2499
6

7  Attorneys for Defendant
   JPMorgan Chase Bank, N.A.
8  erroneously sued as JPMorgan Chase
   Bank, a Corporation
9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13 | MEDHI HAGHIGHI, an Individual,        | **CASE NO.:** CV12-08967-DSF-AJW |
   | JANA LEE HAGHIGHI, an Individual,    |
14 |                                       | **REPLY TO OPPOSITION TO**
   |         Plaintiffs,                   | **MOTION FOR SUMMARY**
15 | v.                                    | **JUDGMENT, OR IN THE**
   |                                       | **ALTERNATIVE, PARTIAL**
16 | JPMORGAN CHASE BANK, a               | **SUMMARY JUDGMENT OF**
   | Corporation; and DOES 1 through 50,  | **PLAINTIFFS' FIRST AMENDED**
17 | inclusive,                            | **COMPLAINT**
18 |         Defendants.                   | **DATE;**  September 8, 2014
   |                                       | **TIME:**  1:30 p.m.
19 |                                       | **CTRM:**  840

20                                           Action Filed:    August 19, 2010

21                                           Action Removed: October 17. 2012

22

23

24

25

26

27

28

3990753.1 -- AL109.W1566

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1    Defendant JPMorgan Chase Bank, N.A. erroneously sued as JPMorgan Chase

2  Bank, a Corporation ("JPMorgan"), respectfully submits this Reply to Plaintiffs'

3  Opposition to JPMorgan's Motion for Summary Judgment, or in the alternative, Partial

4  Summary Judgment ("Motion") to the first, second, and fifth causes of action in the

5  First Amended Complaint ("FAC") of plaintiffs Medhi Haghighi and Jana Lee

6  Haghighi ("Plaintiffs").

7  **I.     SUMMARY OF ARGUMENT**

8    Plaintiffs' Opposition attempts to resurrect issues already decided by this Court,

9  and confuses the standard of review for a motion for summary judgment with the

10  standard for a pleading to survive demurrer, but it does not offer any substantive basis

11  for disputing the fact that JPMorgan is entitled to judgment as to Plaintiffs' remaining

12  claims. Moreover, the claims of procedural defects are both untrue and unfounded,

13  and Plaintiffs' efforts to rewrite deposition testimony in order to create an issue of fact

14  do not provide a legitimate reason for denying the motion.

15  **II.    JPMORGAN IS ENTITLTED TO SUMMARY JUDGMENT AS TO ALL**

16  **PLAINTIFFS' REMAINING CLAIMS**

17  **A.     The Motion was Timely Filed Following Unsuccessful Meet and**

18  **Confer Efforts**

19    Plaintiffs contend that JPMorgan's counsel failed to comply with the pre-filing

20  conference of counsel pursuant to Local Rule 7-3.  However, while JPMorgan's

21  counsel did send Plaintiffs' counsel a meet and confer letter on July 14, 2014, well

22  before the motion was filed, and then spoke with Plaintiffs' counsel on July 23, 2014,

23  the focus of Plaintiffs' counsel's comments was on inappropriate personal attacks

24  against JPMorgan's counsel. (*See* Declaration of Mikel A. Glavinovich, ¶¶ 2-3.)  The

25  nature of these comments included, but was not limited to, accusations that

26  JPMorgan's counsel followed Plaintiffs' counsel to Hawaii, and made appearances in

27  disguise throughout this litigation. (*See* Palmieri Decl., Exhibit G.)  Needless to say

28  such comments did not lead to a substantive discussion of the issues addressed in this

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1  motion, but that is not due to any conduct by JPMorgan's counsel.

2       Plaintiffs also contend that this motion is untimely because discovery was

3  complete in March of 2013.  What Plaintiffs do not say, though, is that JPMorgan

4  agreed to several depositions after March of 2013, and Plaintiffs' counsel in fact just

5  recently asked to reschedule the deposition of JPMorgan's expert, more than one year

6  after Plaintiffs' counsel cancelled the initial deposition date.  (Glavinovich Decl. ¶ 4.)

7  Furthermore, the Court may enter summary judgment up to, and including at, the

8  Final Pretrial Conference.  (*Portsmouth Square, Inc. v. Shareholders Protective*

9  *Committee* (9th Cir. 1985) 770 F.2d 866, 869.)

10       Finally, despite their procedural criticisms of JPMorgan's motion, Plaintiffs ask

11  this Court to accept its Opposition although it exceeds the page limitation. (*See*

12  Opposition at 3.)  More specifically, Plaintiffs' Opposition includes a three page

13  introduction and a twenty four page memorandum of points and authorities, and then

14  Plaintiffs added an additional three page "supplement" the day after the opposition

15  was due.  This is just the latest in a series of Plaintiffs' unwillingness to abide the rules

16  of this Court, and JPMorgan requests that it be the last.  JPMorgan similarly requests

17  that this Court deny Plaintiffs' improper request to amend the complaint to add an

18  additional party, or remand this action to the Ventura County Superior Court, as the

19  Court has already denied both such requests.  (*See* Court's Orders dated January 28,

20  2014 and March 12, 2014.)

21      **B.**    **The Fact that a Demurrer was Overruled in a Separate Action Has**

22            **No Bearing on Whether Summary Judgment is Appropriate in this**

23            **Action**

24       In order to preclude a grant of summary judgment, the non-moving party must

25  do more than show that there is some "metaphysical doubt" as to the material facts.

26  (*Matsushita Electric Industrial Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S. Ct.

27  1348, 89 L.Ed.2d 538 (1986) ("*Matsushita*").)  Rather, the non-moving party must set

28  forth "'specific facts showing that there is a genuine issue for trial.' " (*Id.* at 587

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1    (quoting Federal Rules of Civil Procedure, § 56(e).)  The substantive law defines

2    which facts are material.  (*Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S. Ct.

3    2205, 91 L. Ed. 2nd 202 (1986).)  Under Rule 56(e), the adverse party must allege

4    specific facts supported by affidavit that raise triable issues.  (*Id.*)

5         In this case, rather than allege specific facts, Plaintiffs attempt to re-write the

6    existing evidence and contend that because their state court complaint survived

7    demurrer, this Court may not grant summary judgment.  However, the fact that a

8    complaint survives demurrer means only that *if* the facts alleged are true, plaintiff has

9    an actionable, though not necessarily successful, claim.  Where, as here, the case is far

10   more along, it is only those facts which have been proven true – or untrue – that

11   control whether summary judgment is appropriate.  Thus, because Plaintiffs cannot

12   ignore the fact that the regulation on which their argument is based was not in effect at

13   the time in question, and their own expert admitted JPMorgan was within its

14   discretion when it handled the late and insufficient payments as it did, they cannot

15   demonstrate there is a genuine issue for trial.

16   **C.    Plaintiffs' Reliance on 12 CFR 1026.36 is Misplaced as the**

17         **Regulation Did Not Apply to Partial Payments at the Time in**

18         **Question**

19        Plaintiffs' Opposition places great weight on the fact that the current language

20   of 12 CFR 1026.36 has remained similar since October 1, 2009.  (*See* Opposition at

21   21-22.)[1]  However, there is no support for Plaintiffs' argument that this regulation

22   applied to partial payments at the time in question.  Indeed, JPMorgan's actions in

23   2010 are consistent with comments made in the Federal Register regarding the lack of

24   *any* Federal regulations that require partial payments to be handled in a certain

25   manner:

26              Outreach to consumer and industry stakeholders revealed

27   _____

28   [1] The current version of 12 CFR §1026.36, became effective on January 10, 2014.
     (*See* 78 Fed.Reg. 32547 (May 31, 2013).)

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

> that partial payments are currently handled in a variety of ways:  Some servicers do not accept partial payments, some servicers apply partial payments, and some servicers send partial payments to a suspense or unapplied funds account. *Previously, there were no Federal regulations that governed such accounts …*

(78 Fed. Reg. 31, 10954 (2013) to be codified 12 CFR §1026 (emphasis added).)

As such, Plaintiff cannot establish that JPMorgan reported inaccurate information – knowingly or otherwise in violation of any regulation.

Moreover, as stated in JPMorgan's opening brief, Plaintiffs cannot merely rely on their expert's testimony as to what JPMorgan ought to have done, when research shows that it was not standard practice to remind borrowers that partial payments would be placed in suspense.  For instance, Plaintiffs' expert testified that it was industry practice to notify borrowers if their payment was insufficient. (UF No. 48.) However, his testimony in contradicted by the Federal Register.

In 2013, the Federal Register discussed proposed rules designed to regulate how and when a borrower much be notified that a partial payment was place in a suspense account.  It concluded, "… the Bureau does not believe it is appropriate to require servicers to send an annual disclosure on the suspense account for the first three years law in existence at the time indicated", thus the proposed rule was modified "to provide that if funds are being held in a suspense account, the amount held in any suspense account  must be disclosed in the past periodic breakdown on the periodic statement,"  however "the servicer may move the message about what must be done for the funds to be applied to a separate page of the statement, or may send this disclosure are part of a separate letter."  (FR Vol. 78, No. 31 10967-10968 February 14, 2013.)  Thus, Plaintiffs cannot reasonably contend that JPMorgan engaged in anything untoward when it applied Plaintiffs' insufficient payments to a suspense account, but failed to send Plaintiffs yet another letter explaining why the mortgage payment increased in December 2009.  (UF Nos. 1-55.)

Nonetheless, Plaintiffs argue that while it was within JPMorgan's legal discretion to handle the partial and late payments in the manner it did, JPMorgan

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

3990753.1 -- AL109.W1566

1    should be held to some other standard based solely on the opinion of their expert.

2    (*See, e.g.,* Opposition at 23-31.)  However, because Plaintiffs are seeking to hold

3    JPMorgan legally liable, their allegations must have some basis in law and not simply

4    based on a belief that lenders are required to go above and beyond their regulatory

5    duties in order to accommodate borrowers who refuse to comply with the terms of

6    their loan.

7         Indeed, it bears reviewing Mr. Kagan's, Plaintiffs' expert, original testimony, as

8    affidavits that offer testimony in direct conflict with prior deposition testimony of the

9    same declarant may not be used to create issue of dispute to defeat a summary

10   judgment motion.[2]  Thus, what controls is as follows:

11        **Q:** … Taking the first instance, if a borrower makes an insufficient

12        payment, is it your understanding, based on your expertise, that the

13        lender may report that to a credit agency?

14        **A:** Usually you don't see it with an insufficient payment.  You do see it

15        when they don't make a payment.

16        But they would have the right under – *it's my understanding they would*

17        *have the right to report based on the facts.*

18        **Q:** *That's for an insufficient payment as well as nonpayment?*

19        **A:** *Correct.*

20   (Declaration of Mikel A. Glavinovich filed with moving papers, Exhibit 1 at 25:12-21.

21   [Emphasis added.])

22        In response to further questioning, Mr. Kagan also said:

23        **Q:** Were those, the two [payments] sitting in the suspense account, could

24        you see whether or not those were full payments, including the additional

25        approximately $200 to cover the insurance?

---

27   [2] Similarly, Plaintiffs' suggestion that their expert was not permitted to complete his
     testimony is not support by the transcript, and Plaintiffs' counsel had ample
28   opportunity to question the expert himself if he thought the testimony was in any way
     incomplete or confusing.

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

3990753.1 -- AL109.W1566

ALVARADO**S**MITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1    **A:** No. I believe it was short the $200.

2    *But it was at the discretion of Chase* whether they wanted to apply the

3    money towards the payment as – even if it was $200 short, when the next

4    payment came in, they could have applied one full payment, including

5    that extra $200, if they so chose, and they could have also collected for

6    the late charges.

7    (Glavinovich Declaration, Exhibit 1 at 27:7-17, filed with initial moving papers.

8    [Emphasis added.].)

9    Finally, as to whether he could testify that JPMorgan engaged in inaccurate or

10   incomplete credit reporting, Mr. Kagan responded in the negative:

11   **Q:** Have you seen any evidence that there were inaccurate or mistaken

12   reports made to credit agencies regarding plaintiffs' loan payments by

13   Chase?

14   **A:** Because of the way the report reads and because of the other

15   information I have, *it's impossible to make a correlation.*

16   (Glavinovich Declaration, Exhibit 1 at 34:12-17, filed with initial moving papers.

17   [Emphasis added.].)

18   In other words, Mr. Kagan claims to be a credit expert, has reviewed the

19   Plaintiffs' credit reports and several other documents made available to him, but he

20   cannot determine whether JPMorgan made any inaccurate or incomplete credit

21   reporting.  Thus, Plaintiffs cannot possibly prove this key element of their claim.

22   Not surprisingly, Plaintiffs have apparently asked Mr. Kagan to revise his

23   opinion, but they still do not offer any substantive basis for this revised opinion.

24   Furthermore, given that neither Plaintiffs nor Mr. Kagan offer sufficient explanation

25   for this inconsistent testimony, it should be treated as an improper effort to create a

26   genuine issue of fact where there is none.  "Courts have held virtually unanimously

27   that a party cannot create a genuine issue of fact sufficient to survive summary

28   judgment simply by filing an affidavit contradicting earlier deposition testimony."

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

3990753.1 -- AL109.W1566

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  (*Id. citing Kennedy v. Allied Mut. Ins. Co.* (9th Cir. 1991) 952 F.2d 262 [other citations

2  omitted].)  The reason for this rule is simple:  "if a party who has been examined at

3  length on deposition could raise an issue of fact simply by submitting an affidavit

4  contradicting his own prior testimony, this would greatly diminish the utility of

5  summary judgment as a procedure for screening out sham issues of fact." (*Id.* at 266

6  [citations omitted].)

7     In this case, the revised opinion of Mr. Kagan is nothing more than a needless

8  effort to confuse the issues before this Court.

9  **III.    CONCLUSION**

10    Based on the foregoing, JPMorgan respectfully request that the Court grant its

11  Motion as to the first, second, and fifth causes of action alleged in Plaintiffs' First

12  Amended Complaint.

13

14  DATED:  August 25, 2014          ALVARADOSMITH
                                     A Professional Corporation
15

16

17                                   By: /s/ Mikel A. Glvinovich
                                         MIKEL A. GLAVINOVICH
18                                       Attorneys for Defendant
                                         JPMorgan Chase Bank, N.A. erroneously
19                                       sued as JPMorgan Chase Bank, a
                                         Corporation
20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

3990753.1 -- AL109.W1566