UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-8967 DSF (AJWx) | Date | 10/16/14 |
| Title | Medhi Haghighi, et al. v. JPMorgan Chase Bank, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order re Motions in Limine (Dkt. Nos. 51, 52, 54)[1]

Defendant's MIL #1 (Dkt. No. 52)

     The motion is DENIED. It would generally be appropriate to prohibit Plaintiffs from introducing documentary evidence regarding damages that Plaintiffs failed to disclose during discovery. However, Defendant fails to identify a single piece of evidence that Plaintiffs plan to introduce but failed to disclose. The Court is unable to grant such an abstract and unfocused request. At trial, Defendant may object if Plaintiffs seek to introduce evidence not previously disclosed, and the Court will rule on the specific pieces of evidence at that time. Plaintiffs are cautioned not to attempt to introduce evidence not previously disclosed without seeking permission from the Court outside the presence of the jury.

Defendant's MIL #2 (Dkt. No. 51)

     The motion is DENIED. Defendant seeks to exclude Michael S. Kagan's expert testimony regarding credit reporting practices. Defendant asserts that Kagan has failed to provide a sufficient basis for his expertise and opinion pursuant to Federal Rule of Evidence 702, but provides no detail to support this conclusory claim. Rather,

---

[1] All rulings on motions in limine are tentative. The issues may be raised again during trial – outside the presence of the jury – if circumstances change.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Defendant's primary contention appears grounded in alleged inconsistencies between Kagan's April 23, 2012 deposition and his March 22, 2013 declaration. To the extent inconsistencies exist, Defendant provides no authority for the proposition that these inconsistencies warrant precluding the expert testimony. Defendant is free to address the purported inconsistencies on cross-examination.

Defendant's related argument concerning the "sham affidavit doctrine," which concerns summary judgment, is inapposite to this case's current posture. See generally Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

Plaintiffs' MIL #1 (Dkt No. 54)

The Motion is DENIED as moot. Plaintiffs seek to exclude the testimony of Mary Rex Burgoon, Defendant's expert. At the June 24, 2013 pretrial conference, the parties indicated that Burgoon had been scheduled for a July 2, 2013 deposition, and that Plaintiffs' request to exclude her testimony would be moot so long as she attended. It appears from the proposed pretrial conference order that the deposition has been, or will be, taken. The challenge to Burgoon's expert testimony is accordingly moot.

The component of this motion concerning interpretation of Plaintiffs' deed of trust is also moot, as it was dispositively addressed in this Court's April 16, 2014 order (Dkt. No. 133).

IT IS SO ORDERED.