DENNIS PALMIERI
Counselor and Attorney – CSB 103346
28990 Pacific Coast Highway, Suite 110
Malibu, CA, 90265
Tel: (310) 457-7000
Fax: (310) 457-7600
callondennis@verizon.net

NEIL EVANS - CSB 105669
Law Office of Neil Evans
2625 Townsgate Road, Suite 330
Westlake Village, CA, 91361
Tel: (818) 802-8333
Fax: (805) 241-4618
evanstnt@aol.com

Attorneys For Plaintiffs
MEHDI HAGHIGHI and JANA LEE HAGHIGHI

**IN THE UNITED SATES DISTRICT COURT**

**IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDHI HAGHIGHI, an Individual, JANA LEE HAGHIGHI, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NA, a National Association, and DOES 1 through 50, inclusive,<br><br>Defendants, | CASE NO. CV 12-08967 DSF-AJW<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF ASKING THE COURT TO IMPOSE LIABILITY ON JPMORGAN CHASE FOR VIOLATION OF CAL. CIVIL CODE 1785.25(a)**<br><br>TRIAL: November 18, 2014<br>TIME : 8:30 a.m.<br>CTRM : 840 The Honorable<br>　　　　　Dale S. Fischer<br><br>Action Filed　　: August 19, 2010<br>Action Removed: October 17. 2010 |

  COMES NOW MEHDI HAGHIGHI and JANA LEE HAGHIGHI ("Plaintiffs") and file a supplemental brief asking the Court to impose liability on for JPMorgan Chase Bank, NA ("Chase") for Plaintiff's CA Civil Code 1785.25(a) claim pursuant to the October 20, 2014 Pre Trial Conference.

  Plaintiff's mortgage for principal/interest was $5,635.77 per month, and $191.75 for an insurance escrow. Plaintiff's paid the principal and interest for December, 2009, January, 2010 and February, 2010, but disputed the insurance

escrow. See the Chase Home Finance, LLC ("CHF") notes for December 7-14, 2009 (Dkt.#35-1, Page ID#:1237-1238), and the stipulated facts in the Pre Trial Conference Order. (Dkt.#165-1, Page ID#:3950-3955) Such stipulated facts states @ ¶A25:

> "Borrower made two payments last December, one for December and January. Payment for January was applied to principal and interest; advised that we can reverse it; payment was not applied. On January 24, 2010, JPMorgan notes state: Payment of $5,635.77 was misapplied to L/C fee and XP dated 12/28/09; should be applied for 01/10 mortgage payment once ***escrow dispute is settled***"

Chase admits that Payments for principal/interest and the insurance escrow are ***separate, multiple debts*** pursuant to their March 1, 2010 Notice of Collection ("Notice") (Dkt.#165-1, Page ID#:3953 ¶A28), a true copy of which is attached as Exhibit A, which ***invites verbal communication from Plaintiffs about the dispute***:

> "It is necessary for you to contact Chase at the address or telephone number on this letter to verify the exact amount necessary to cure your delinquency and reinstate your loan no more than 24 hours before you make any payment. You may contact our office to discuss your account status. The toll free number is 1-800-848-9380. A representative is available from 8 a.m. to 9 p.m. Eastern Time."

On March 5, 2010, ***Plaintiffs again verbally notified Chase of the dispute*** (Dkt.# 35-1, Page ID:#1231) and paid $5,635.77 for February, 2010 without the insurance escrow of $191.75. The 2009/2010 dispute over the insurance escrow is undisputed by Chase, and establishes liability for false and inaccurate credit reporting as Plaintiffs could verbally dispute the separate insurance escrow per the CHF notes and Chases' March 1, 2010 Notice. (*Camacho v. Bridgeport Fin.,* Inc. (9th Circuit, 2005) 430 F.3d 1078, 1082[1]) Chase could not apply any portion of the $5,635.77 to the $191.75 insurance escrow per the dispute. (15 USC 1692h)

---

[1] "Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8); *Brady v. Credit Rec. Co.,* 160 F.3d 64, 67 (1st Cir.1998). … if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. 15 U.S.C. § 1692h."

1    The only amount left was *a payment* of $5,635.77 for principal/interest, and Chase could not fail to apply to principal/interest this amount on the date of receipt. (12 CFR 226.36(c)(1)(i)) Chase reported Plaintiffs late for their *entire mortgage* for December, 2009, and January/February, 2010 (Dkt.#165, Page ID:# 3955¶32) without reporting the dispute. Thus, Chase reported inaccurately (Cal. Civil Code 1785.25(a)) per 15 USC 1692e(8), 15 USC 1692h, CFC 50503, CFC 50505(d), 12 CFR 226.36(c)(1)(i)), and 12 USC 2605(e)(3)[2]. The CHF notes and March 1, 2010 Notice are Chases' written memorialisations of Plaintiff's dispute sufficient to trigger 12 USC 2605(e)(3). If Chase denies such, they would violate 15 USC 1692e(10).

Plaintiffs Cal. Civil Code 1785.25(a) claim is validly brought (*Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1169-1170 (9th Cir. 2009). As Chase cannot assert a mistake-of-law defense under the bona fide error provision of the FDCPA (*Jerman v. Carlisle, McNellie, et al*, (2010) 559 U.S. 573, 130 S. Ct. 1605, 176 L.Ed. 2d 519) which Chase never asserted anyway. (Dkt. #8), the Court can summarily decide Chase violated CA Civil Code 1785.25(a). (*Portsmouth Sq., Inc. v. Shareholders Pro. Com.* (9th Cir. 1985) 770 F.2d 866, 869)

Dated: October 27, 2014                              Respectfully Submitted

                                                                         /s/ Dennis Palmieri
                                                                          DENNIS PALMIERI
                                                                         NEIL EVANS
                                                                         Attorneys for Plaintiffs

---

[2] "During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."