1  NEIL EVANS - CSB 105669
   Law Office of Neil Evans
2  2625 Townsgate Road, Suite 330
   Westlake Village, CA, 91361
3  Ph: (818) 802-8333
   Fx: (805) 241-4618
4  evanstnt@aol.com
   DENNIS PALMIERI
5  Counselor and Attorney
   28990 Pacific Coast Highway, Suite 110
6  Malibu, CA, 90265
   Ph: (310) 457-7000
7  Fx: (310) 457-7600
   callondennis@verizon.net
8
   Attorneys For Plaintiffs
9  MEHDI HAGHIGHI and JANA LEE HAGHIGHI

10 THEODORE E. BACON (CA Bar No. 115395)
   tbacon@alvaradosmith.com
11 MIKEL A. GLAVINOVICH (CA Bar No. 186590)
   mglavinovich@alvaradosmith.com
12 ALVARADOSMITH
   A Professional Corporation
13 633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
14 Tel:  (213) 229-2400
   Fax:  (213) 229-2499
15
   Attorneys for Defendant
16 JPMorgan Chase Bank, N.A.
   erroneously sued as JPMorgan Chase
17 Bank, a Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDHI HAGHIGHI, an Individual, JANA LEE HAGHIGHI, an Individual, | **CASE NO.:** CV12-08967-DSF-AJW |
| Plaintiffs, | **UNDISPUTED JURY INSTRUCTIONS** |
| v. | |
| JPMORGAN CHASE BANK, a Corporation; and DOES 1 through 50, inclusive, | **FINAL PRETRIAL CONFERENCE** <br> **DATE:** October 20, 2014 <br> **TIME:** 3:00 p.m. <br> **DEPT:** |
| Defendants. | |
| | Action Filed:    August 10, 2010 |
| | Action Removed:  October 17, 2012 |

Pursuant to the Court's Order on January 29, 2013, plaintiffs Medhi Haghighi and Jana Lee Haghighi (jointly "Plaintiffs") and defendant JPMorgan Chase Bank, N.A., sued erroneously as JPMorgan Chase Bank, a corporation, ("JPMorgan" or "Defendant") hereby submits these Joint Jury Instructions.

## JOINT JURY INSTRUCTIONS

**Court's Instruction No. 1**

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

---

**Court's Instruction No. 2**

## BURDEN OF PROOF

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Court's Instruction No. 3**

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**Court's Instruction No. 4**

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Court's Instruction No. 5**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Court's Instruction No. 6**

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Court's Instruction No. 7**

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Court's Instruction No. 8**

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

**Court's Instruction No. 9**

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Court's Instruction No. 10**

## **STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

**Court's Instruction No. 11**

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

**Court's Instruction No. 12**

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Court's Instruction No. 13**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Court's Instruction No. 14**

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Court's Instruction No. 15**

**USE OF INTERROGATORIES OF A PARTY**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Court's Instruction No. 16**

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Court's Instruction No. 17**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Court's Instruction No. 18**

### Violation of California Civil Code Section 1785

In order for a provider of credit information, such as a bank, to be liable under Section 1785.25 (a), a plaintiff must prove both that:

1) the credit information was incomplete or inaccurate; and

2) that the bank knew or should have known the information reported was incomplete or inaccurate.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: November 14, 2014 | By: /s/ NEIL C. EVANS |
| 3 | | |
| 4 | | NEIL C. EVANS, ESQ.<br>DENNIS PALMERI<br>Counselor and Attorney |
| 5 | | Attorneys for Plaintiffs<br>MEHDI HAGHIGHI and |
| 6 | | JANA LEE HAGHIGHI |
| 7 | | |
| 8 | | BY; _____ |
| 9 | | |
| 10 | | ALVARADOSMITH<br>A Professional Corporation |
| 11 | | |
| 12 | | By: /s/ MIKEL A. GLAVINOVICH |
| 13 | | MIKEL A. GLAVINOVICH<br>Attorneys for Defendant |
| 14 | | JPMorgan Chase Bank, N.A. erroneously<br>sued as JPMorgan Chase Bank, a |
| 15 | | Corporation |